UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JAVIER CASTILLO**,

       Plaintiff                     C.A. No. 5:13-cv-13737—JCO-LJM

  v.                                HON. JOHN CORBETT O'MEARA

**QUENTIN ROGERS**, a Michigan
Parole Agent, In his individual capacity,

       Defendant

_____/

GEORGE B. WASHINGTON (P 26201)
SCHEFF, WASHINGTON, & DRIVER, P.C.
Attorneys for the Plaintiff
645 Griswold—Ste 1817
Detroit, MI 48226
313-963-1921
scheff@ameritech.net

---

## FIRST AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

Pursuant to the Federal Rules of Civil Procedure, the plaintiff, Javier Castillo, by his attorneys, Scheff, Washington and Driver, P.C., states as follows:

### INTRODUCTION

1. On or about August 10, 2010, Javier Castillo was placed on parole by the State of Michigan and placed under the supervision of the defendant Quentin

1

Rogers with the provision that he wear tethers. From August 10, 2010 through Castillo's discharge from parole many months later, Quentin Rogers affixed the tether with unreasonable force and, when Castillo complained Rogers tightened the tether even though he heard the complaints of pain and even though he could see the lacerations and contusions that the tether was creating. As a direct and proximate result of these acts, Castillo sought medical attention for injuries to each ankle. He has been advised that the limp and the pain that he continues to have injuries are permanent. Castillo brings this action for the cruel and unusual punishment inflicted upon him and for the unreasonable force that Rogers applied to him.

## JURISDICTION

1. The Court has jurisdiction under 28 USC s. 1343(3) and under 28 U.S.C. s. 1367.

## PARTIES

2. Javier Castillo is a 53-year old citizen of the United States who currently resides in Pontiac, Michigan.

3. **Quentin Rogers is a resident of Michigan who at all times relevant to this action was a Parole Agent employed by the State of Michigan.

## STATEMENT OF FACTS

4. On or about November 22, 2006, a judge of the 30th Circuit Court of the State of Michigan sentenced for a term of 36 to 120 months for unlawful driving away a motor vehicle and for operating a vehicle while impaired, third offense.

5. Castillo was then confined by the Michigan Department of Corrections.

6. On or about December 15, 2009, the Michigan Parole Board advised Castillo that he would be paroled in 2010.

7. Castillo received that parole in August 2010 with among other conditions the requirement that he wear a SCRAM bracelet on his ankle.

8. On or about August 10, 2010, Castillo reported as instructed to an office of the Michigan Department of Corrections in Pontiac, Michigan.

9. On that date, the defendant Quentin Rogers affixed the bracelet far too tightly to Castillo's ankles.

10. Castillo was required to and did report to Rogers on repeated occasions thereafter.

11. On those occasions, Castillo complained to Rogers that the bracelet was on far too tight and showed to Rogers the lacerations and contusions on his ankle that the bracelet was causing.

12. The defendant Rogers changed the bracelet from ankle to ankle but in all cases he tightened the bracelet knowing the damage and the pain that it was causing.

13. On later visits, the defendant Rogers moved the bracelet to the other ankle but again put it on so tightly that it caused extensive lacerations and bruising.

14. Castillo sought medical attention for his ankle injuries on October 28, 2010, December 12, 2010, and on other dates.

15. He continued reporting to Rogers during this period and Rogers refused to loosen the bracelet.

16. Finally, Castillo showed Rogers the injuries he had suffered. Rogers then loosened the bracelet and told Castillo to go directly home and to stay there until he came to visit.

17. Castillo attempted to transfer his parole to Macomb County, but Rogers refused.

18. Castillo was finally able to transfer his parole to Macomb County. His new parole officer then put the bracelet on far more loosely than Rogers had done. On or about April 21, 2011, Castillo was discharged from parole, having successfully completed all of the conditions of that parole.

19. The ankle injuries that he had suffered did not, however, following the removal of the bracelet.

20. On June 11, 2011, and subsequent dates, Castillo sought further medical attention.

21. The bruise and lacerations have not healed but Castillo walks with a limp and has been informed that the condition is permanent.

22. The above acts have caused him physical and mental pain and suffering and physical injuries.

## COUNT ONE
## VIOLATION OF 42 U.S.C. s. 1983

23. The allegations of the preceding paragraphs are repeated as if fully set forth herein.

24. As a person under the supervision of the Michigan Department of Corrections, Castillo had a right under the Eighth Amendment to the Constitution of the United States to be free from cruel and unusual punishment.

25. By the acts described above, the defendant Rogers willfully and wantonly inflicted cruel and unusual punishment on Castillo.

26. As a proximate result of the violation of his rights under the Eighth Amendment, Castillo has suffered physical injuries, medical expenses, and physical and emotional pain and suffering.

27. The defendants Rogers acted in willful defiance of federal law in inflicting the punishment on Castillo.

WHEREFORE, the plaintiff Castillo demands judgment in an amount sufficient to compensate him for his compensatory and punitive damages, for reasonable attorneys' fees and costs and for such further relief as is just and equitable.

## COUNT TWO
## UNREASONABLE FORCE

28. The plaintiff repeats the allegations of the preceding paragraphs as if they were fully set forth herein.

29. The defendant Rogers had a duty under the Fourth Amendment not to use unreasonable force against Castillo.

30. By the acts described above, the defendant Rogers willfully and wantonly used unreasonable force against Castillo.

31. As a proximate result of the violation of his rights under the Fourth Amendment, Castillo has suffered physical injuries, medical expenses, and physical and emotional pain and suffering.

32. The defendants Rogers acted in willful defiance of federal law in injuring Castillo.

WHEREFORE, the plaintiff Castillo demands judgment in an amount sufficient to compensate him for his compensatory and punitive damages, for reasonable attorneys' fees and costs and for such further relief as is just and equitable.

By the plaintiff's attorneys,
SCHEFF, WASHINGTON & DRIVER, P.C.

s/George B. Washington_____
GEORGE B. WASHINGTON (P 26201)
645 Griswold--Ste 1817
Detroit, Michigan 48226
Telephone:  (313) 963-1921
scheff@ameritech.net

Dated:        December 20, 2013

## DEMAND FOR TRIAL BY JURY

Pursuant to the Federal Rules of Civil Procedure, the plaintiff demands a trial by jury on all issues of fact.

>By the plaintiffs' attorneys,
>SCHEFF, WASHINGTON & DRIVER, P.C.
>
>s/George B. Washington
>GEORGE B. WASHINGTON (P 26201)
>645 Griswold--Ste 1817
>Detroit, Michigan 48226
>Telephone:  (313) 963-1921
>scheff@ameritech.net

Dated:    December 20, 2013