UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAVIER CASTILLO,

        Plaintiff,

                                                                        Civil Case No. 13-13737
v.                                                            Honorable Linda V. Parker

QUINTIN ROGERS,

        Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE PRIOR CONVICTIONS

Plaintiff filed this lawsuit on September 3, 2013, alleging that Defendant, while serving as Plaintiff's parole officer, used excessive force in violation of the Eighth Amendment to the United States Constitution when he attached a SCRAM bracelet to Plaintiff's ankles too tightly.  The matter is ready to proceed to trial.  Currently pending before the Court is Plaintiff's March 23, 2015 motion to exclude two prior convictions from evidence at trial.  (ECF No. 32.)  As indicated in his motion, Plaintiff assumes that Defendant is not seeking to offer Plaintiff's prior convictions which are more than ten years old, as Defendant has neither provided notice of his intent to introduce those convictions nor shown their relevance, as required under the Federal Rules of Evidence.  Defendant filed a response to Plaintiff's motion on April 6, 2015, in which Defendant argues that Plaintiff's

September 15, 2006 conviction for operating a vehicle while intoxicated is admissible as impeachment evidence and indicates that he intends to offer evidence of Plaintiff's prior prison incarceration to show that Plaintiff knew how to use the Michigan Department of Corrections' grievance process. For the reasons that follow, the Court is granting in part and denying in part Plaintiff's motion.

I.     **Factual Background**

On October 18, 2006, Plaintiff pleaded guilty to unlawful driving away of a motor vehicle (third offense) and for operating a vehicle while impaired (third offense) in the Circuit Court for Ingham County, Michigan. At the time, Plaintiff had several prior convictions, including an unlawful driving away of an automobile (second offense), for which a conviction was entered August 19, 2003.[1] (*See* ECF No. 32-2.)

On or about November 22, 2006, the state trial court sentenced Plaintiff on his October 2006 convictions to a term of imprisonment of 36 to 120 months. On or about December 15, 2009, the Michigan Parole Board advised Plaintiff that he would be paroled in 2010.

Plaintiff in fact was paroled in August 2010 with the requirement, among other conditions, that he wear a SCRAM bracelet on his ankle. A SCRAM

---

[1] Plaintiff was sentenced to three years' probation on this conviction; however, his probation was revoked on September 14, 2004, when he committed another crime. He then received a prison sentence of 18-90 months. He was paroled December 13, 2005. (ECF No. 32-2.)

2

bracelet is used to detect the use of alcohol and can also detect the wearer's location. On or about August 10, 2010, Plaintiff reported to his parole officer, Defendant, at the Michigan Department of Corrections ("MDOC") Pontiac parole office. At that time, Defendant allegedly affixed the SCRAM bracelet to Plaintiff's ankle too tightly.

Plaintiff thereafter reported to Defendant on repeated occasions, as required by his conditions of parole. On those occasions, Plaintiff complained to Defendant that the SCRAM bracelet was too tight and Plaintiff showed Defendant lacerations and contusions on his ankle which the bracelet was causing. Defendant moved the SCRAM bracelet back and forth between Plaintiff's ankles; but, Plaintiff alleges that Defendant continued to affix the bracelet too tightly each time, even though he knew that it was causing Plaintiff pain and injury.

Plaintiff claims that he sought medical attention for the injuries caused by the too tight SCRAM bracelet on October 28, 2010, December 12, 2010, and other dates. He indicates that Defendant eventually loosened the bracelet, at which time he told Plaintiff to go directly home and stay there until he came to visit. According to Plaintiff, he attempted to transfer his parole to the Macomb County parole office throughout this time period, but Defendant refused. Eventually, Plaintiff's parole was transferred and his new parole officer affixed the SCRAM

bracelet on Plaintiff's ankle much more loosely.  Plaintiff successfully was discharged from his parole on or about April 21, 2011.

He claims that he continued to experience problems as a result of the injuries caused by the too tight SCRAM bracelet, however.  According to Plaintiff, he sought further medical attention on June 11, 2011; and while the bruising and lacerations have healed, he walks with a limp which he has been told is permanent.

As indicated, he filed this lawsuit against Defendant on September 13, 2013.

## II. Plaintiff's Motion & Defendant's Response

In his motion, Plaintiff seeks to exclude from evidence at trial the following prior convictions: (1) his October 2006 conviction for unlawful driving away of an automobile, third offense, and operating while intoxicated, third offense; and (2) his August 19, 2003 conviction for unlawful driving away of an automobile, habitual second.[2]  Plaintiff argues that the probative value of those convictions is substantially outweighed by their prejudice and therefore they should be excluded pursuant to Federal Rules of Evidence 403 and 609.  He contends that any conviction for a second or third offense inherently brings into evidence prior convictions for which he was convicted or released more than ten years before trial.  Plaintiff highlights that he "has not challenged the fact that his prior use of

---

[2] Plaintiff believes Defendant might claim the latter conviction is less than ten years old because, as noted earlier, Plaintiff's probation was revoked on September 14, 2004 and he was then sentenced to a prison term of 18-90 months.

4

alcohol was a sufficient basis for the Parole Board to require him to wear the SCRAM ankle bracelet as a condition of his parole." (ECF No. 32 at Pg ID 107.) Plaintiff argues that his August 2003 conviction also should be excluded because it occurred more than ten years before the trial in this action.

In response, Defendant first argues "there is no way that Plaintiff's incarceration can be hidden from the jury" and then points out that there will be testimony that Plaintiff was a parolee, that the intended use of a SCRAM bracelet is monitoring for alcohol consumption for parolees who are prohibited from consuming alcohol as part of the terms of parole, and that "Plaintiff has a serious and long-term issue with alcohol abuse which made use of the SCRAM bracelet an important component of his parole conditions." (ECF No. 34 at Pg ID 124.) Defendant further argues that Plaintiff's September 2006 convictions are admissible to attack Plaintiff's credibility under Federal Rule of Evidence 609(a)(1)(A). Lastly, Defendant contends that "it may be necessary to elicit testimony regarding the length of Plaintiff's incarceration" to argue the issue of why he never informed anyone at the MDOC that his SCRAM bracelet was too tight or to counter any claim Plaintiff may make that he was not aware of how to use MDOC's grievance process. (Id. at Pg ID 125-26.) Defendant indicates that this testimony can be presented without mentioning Plaintiff's convictions that occurred more than ten years ago.

5

### III. Applicable Law and Analysis

The Federal Rules of Evidence allow for the admission of a witness's prior conviction(s) for impeachment purposes, with limitations:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
>> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>>
>>> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>>>
>>> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>>
>> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.
>
> (b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
>> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>>
>> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609.  Because Defendant has not provided notice of his intent to use convictions for which more than ten years have passed since Plaintiff's conviction or release, he is precluded from introducing those convictions into evidence to the extent he intends to do so.  Defendant does not challenge Plaintiff's assertion that this includes Plaintiff's August 19, 2003 conviction.

Rule 609 makes the admissibility of Plaintiff's October 2006 convictions subject to Rule 403, which provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.
.
Fed. R. Evid. 403.  The Court believes that any probative value in introducing evidence that Plaintiff's October 18, 2006 convictions were for third offenses is substantially outweighed by the danger that this information will cause unfair prejudice to Plaintiff.  The information inherently informs the jury that Plaintiff has at least two prior convictions.  Further, the value of introducing evidence of the convictions-- i.e., to attack Plaintiff's credibility-- is not enhanced by the additional indication that they were third offenses.  If Defendant can introduce evidence of the convictions without informing the jury that they were third offenses, he should be able to do so.

Contrary to Defendant's assertion, the amount of time that Plaintiff has spent as an MDOC prisoner has no relevance to his lawsuit.  Because Plaintiff filed this

lawsuit after he was discharged from parole, the Prison Litigation Reform Act's exhaustion requirements do not apply to him. *See Bisgeier v. Mich. Dep't of Corr.*, No. 07-13625, 2008 WL 227858, at *3 (E.D. Mich. Jan. 25, 2008) (citing decisions from several Circuits holding that the "PLRA's exhaustion requirements do not apply to former prisoners"). To prove his Eighth Amendment claim, Plaintiff does not need to show that he complained to anyone but Defendant regarding the tightness of the SCRAM bracelet.[3] To the extent Defendant seeks to undermine

---

[3] The Sixth Circuit recently provided the following description of an Eighth Amendment "cruel and unusual punishment" claim:

> There is an objective component and a subjective component to an Eighth Amendment claim. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams[ v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)]. We ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S. Ct. 995, 117 L.Ed.2d 156 (1992). Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.' " *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L.Ed.2d 271 (1991)). This component requires a "contextual" investigation, one that is "responsive to 'contemporary standards of decency.' " *Hudson*, 503 U.S. at 8, 112 S.Ct. 995 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S. Ct. 1175, 175 L.Ed.2d 995 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated ... [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9, 112 S. Ct.

Plaintiff's credibility by showing that he did not complain to other MDOC officials about Defendant's purported actions, Defendant certainly can do so without delving into the amount of time Plaintiff has spent in prison and thus his familiarity with MDOC's grievance procedures.

Lastly, Plaintiff clearly represents that he is not challenging the fact that his prior use of alcohol was a sufficient basis for the Parole Board to require him to wear the SCRAM bracelet. Thus his convictions related to his alcohol abuse are not probative of any relevant issue at trial.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion in Limine to Exclude Prior Convictions is **GRANTED IN PART AND DENIED IN PART** in that Defendant may not introduce evidence of Plaintiff's August 19, 2003 conviction for unlawful driving away of an automobile; however, Defendant may introduce evidence of Defendant's October 18, 2006 convictions provided he omits that these were third offenses.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 30, 2015

---

995. "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury."

*Cordell v. McKinney*, 759 F.3d 573, 580-81 (6th Cir. 2014).

9

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 30, 2015, by electronic and/or U.S. First Class mail.

                                        s/ Richard Loury
                                        Case Manager